UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES STRICKER, JR., | 3:03-CV-0239-RAM |
| Plaintiff, | **ORDER** |
| vs. | |
| BUZZ NELSON, et al., | |
| Defendants. | |

Before the court is Plaintiff's Renewed Motion for Attorney's Fees. (Doc. #63.) Defendants opposed the motion (Doc. #68), and Plaintiff replied (Doc. #80).

## BACKGROUND

Plaintiff Charles Stricker, Jr. filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on May 5, 2003. (Doc. #2.) The Complaint alleged four claims against Defendants Buzz Nelson, Lyle Woodward, George Leone, and Rick Favre. (*Id.*) Specifically, the Complaint alleged retaliation in violation of Plaintiff's First Amendment right of free speech, intentional infliction of emotional distress ("IIED"), tortuous discharge, and a denial of due process. (*Id.*)

The claims for tortuous discharge and denial of due process were dismissed for failure to state a claim upon which relief may be granted. (Doc. #15.) The parties consented to the disposition of this case by the undersigned United States Magistrate Judge on December 21, 2004. (Doc. #26.) Then on May 16, 2003 both parties stipulated to dismiss Defendant Woodward with prejudice. (Doc. #33.) The remaining two claims proceeded to trial by jury on June 13, 2005. (Doc. #43.) At the close of Plaintiff's case-in-chief, Defendants moved under Federal Rule of Civil Procedure 50(a)(1) for judgment as a matter of law on both claims. (*See* Doc. #44.) The court granted the motion as to

Plaintiff's IIED claim, and it was accordingly dismissed. (*Id.*) The court also dismissed Plaintiff's First Amendment claim as to Defendant Nelson for a lack of evidence. (*Id.*)

On June 16, 2005, the jury found in favor of Plaintiff and against Defendant Favre on the First Amendment retaliation claim, but found in favor of Defendant Leone and against Plaintiff on the First Amendment supervisory claim. (Doc. #52.) Plaintiff's counsel suggested damages in the amount of $109,315, and the jury awarded $209,315. (Doc. #48.) Thereafter, Defendant Favre renewed his motion for judgment as a matter of law on Plaintiff's retaliation claim, and in the alternative, moved for a new trial or remitittur under Federal Rule of Civil Procedure 69. (Doc. #56.) The court denied Defendant's motions. (Doc. #64) Defendant Favre filed a notice of appeal to the United States Court of Appeals for the Ninth Circuit on September 20, 2005. (Doc. #69.)

Plaintiff's Renewed Motion for Attorney's Fees requests fees in the amount of $53,935, for 154.10 hours of work performed at $350 per hour. (Doc. #63.) Plaintiff also seeks reimbursement of costs in the amount of $2,591.50. (Doc. #67.)

## **LEGAL STANDARD**

Courts have discretion to award reasonable attorney's fees under 42 U.S.C. § 1988 to the prevailing party in a § 1983 action. 42 U.S.C. § 1988 (2005); *Hensley v. Eckhart*, 461 U.S. 424, 429 (1983) (defining "prevailing party" broadly as a party who "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit"); *Webb v. Sloan*, 330 F.3d 1158, 1167 (9th Cir. 2003). The amount of attorney's fees is determined on an ad hoc basis, *Hensley*, 461 U.S. at 429, and should be "adequate to attract competent counsel, but [should] not produce windfalls to attorneys." *Id.* at 430 n.4. Court awards may be concise, but must clearly explain its use of discretion. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001); *Cunningham v. County of Los Angeles,* 879 F.2d 481, 484 (9th Cir. 1988) ("we do not require an elaborately reasoned, calculated, or worded order; a brief explanation of how the court arrived at its figures will do").

Attorney's fees should be calculated under a "hybrid approach." *Lytle v. Carl*, 382 F.3d 978, 988 (9th Cir. 2004). That is, courts should first determine the lodestar amount, which is equal to "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."

2

*Hensley*, 461 U.S. at 433. In determining the reasonableness of the number of hours worked and the rate suggested by the fee applicant, the court may consider the *Johnson/Kerr* factors, *Cunningham*, 879 F.2d at 484, listed in Local Rule 54-16(b)(3).

The fee applicant bears the burden of justifying the amount of hours reasonably expended on the case. *Hensley*, 461 U.S. at 433-34. If the court finds there is an inadequate accounting of hours spent, it may reduce the fee award accordingly. *Id.* at 433, 437. Also, the number of hours reasonably spent should not include excessive or redundant work. *Id.* at 434. The fee applicant also bears the burden of proving the reasonable hourly rate, which must be "calculated according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The prevailing market rate must be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* at 895 n.11.

Courts may make upward or downward adjustments to the original lodestar amount if justified by the circumstances. *Id.* at 897. The court may consider those factors listed in Local Rule 54-16(b)(3) that have not already been accounted for in the lodestar calculation. *Hensley*, 461 U.S. at 434 & n.9; *Cunningham*, 879 F.2d at 484. For example, when a fee applicant only succeeds on some of his claims for relief, the court may make downward adjustments to the lodestar amount to account for the lost and unrelated claims that arise from different facts and legal theories. *Hensley*, 461 U.S. at 434-36. Conversely, rare and exceptional circumstances may warrant the application of a multiplier to make an upward adjustment. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1215 (9th Cir. 1986).

## DISCUSSION

A.  The Lodestar Amount

The prevailing party is entitled to recover reasonable costs and attorney's fees. *Dang v. Cross*, 422 F.3d 800, 814 (9th Cir. 2005). There is no dispute as to whether Plaintiff is the prevailing party. Thus, the first step of calculating Plaintiff's reasonable attorney's fees under § 1988 is to determine the lodestar amount. *Lytle v. Carl*, 382 F.3d 978, 988 (9th Cir. 2004)

///

///

1. Reasonable Hours Expended

To meet the burden of proof, the fee applicant must establish the number of hours reasonably expended, and "should submit evidence supporting the hours worked . . . ." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The fee applicant should maintain and provide billing records of the reasonable hours worked such that the court can identify distinct claims. *Id.* at 437.

> In determining reasonable hours, counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended. Those hours may be reduced by the court where documentation of the hours in inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary.

*Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986) (internal citations omitted); *accord id.* at 433-34; *Cunningham v. City of Los Angeles*, 879 F.2d 481, 484-85 (9th Cir. 1988).

Here, Plaintiff's attorney, Mr. Dickerson, claims he spent 154.10 hours in litigating this matter.[1] (Doc. #63.) Mr. Dickerson's declaration provided a general accounting for his time spent on the case with a corresponding list of tasks completed. (Doc. #63, Dickerson Decl.) In reviewing the evidence submitted it appears Mr. Dickerson worked alone, and did not spend unnecessary or excessive amounts of time on any particular matter. (*See id.*) Defendant does not argue that Plaintiff's attorney inadequately documented his time, or that there was overstaffing or duplicative work performed. The court therefore finds that Plaintiff's documentation adequately supports the fact that Mr. Dickerson reasonably expended 154.10 hours working on this case.

///

///

///

---

[1] Actually, Mr. Dickerson first claimed he expended 154.10 on this case, but at the close of the Motion for Attorney's Fees he claims to have spent 297.50 hours without explanation. (Doc. #63; *see also* Doc. 68.) By claiming 297.50 hours, Mr. Dickerson requested the court to award $104,125 in attorney's fees (*id.*), as opposed to $53,935 based on 154.10 hours. The court finds that Plaintiff's Motion is based on 154.10 hours, however, because Mr. Dickerson's declaration (*id.*) clearly accounts for that amount of time and no more.

4

2. Reasonable Hourly Rate

Reasonable hourly fees should be based on the "'prevailing market rates in the relevant community . . . .'" *Sorenson v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 2001). The "prevailing attorneys [must] justify the reasonableness of the requested rate . . . [with] satisfactory evidence . . . ." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *accord Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987). Plaintiff's attorney claims the prevailing market rate for a case of this nature would be $325 per hour. (Doc. #63, Dickerson Decl.) Affidavits from three other local attorneys were submitted to support Plaintiff's request. (Doc. #63, Mausert Aff., Boles Aff., Silverberg Aff.) Defendant, on the other hand, argues that $250 per hour would be a more reasonable hourly rate, but they do not present any evidence to support that contention. (Doc. #68.)

Although fee applicants may submit affidavits from their attorneys and other attorneys in the community to prove the prevailing market rate, *United Steelworkers of America v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990), courts are not required to accept those statements without hesitation. *See Blum*, 465 U.S. at 897 (noting that court awarded attorney's fees should not produce a windfall). Plaintiff may believe his attorney is entitled to receive $325 per hour for his work, but the court finds that Plaintiff's counsel only "usually charge[s] $250-$300 per hour . . . ." (Doc. #63, Dickerson Decl.) In fact, none of the attorneys who submitted affidavits on Mr. Dickerson's behalf actually charge as much as $325 per hour (*see* Doc. #63, Boles Aff., Silverberg Aff.), and the only attorney who appeared to share the same credentials as Plaintiff's counsel[2] did not disclose his hourly rate (Doc. #63, Mausert Aff.). Thus, the court finds that there is insufficient evidence to prove that an award of $325 per hour would be reasonable in this case.

---

[2]Mr. Mausert and Mr. Dickerson have been practicing law since the early 1980s. (Compare Doc. #63, Dickerson Decl. *and* Mausert Aff.) Both men also served as judicial law clerks for federal district court judges, have litigated employment law cases since 1993, and maintain private practices in Reno, Nevada. (Compare Doc. #63, Dickerson Decl. *and* Mausert Aff.)

In determining the reasonable hourly rate for "similar services by lawyers of reasonably comparable skill, experiences and reputation," *Blum*, 465 U.S. at 896 n.11, the court finds Mr. Dickerson's usual fee range is very significant, LR 54-16(b)(3)(H). This is especially true since the issues involved in this case were not particularly novel or complex. LR 54-16(b)(3)(A), (B), (E). The court also considers Mr. Dickerson's prior experience as a judicial law clerk and twenty-two years of practice in section 1983 and employment law litigation, LR 54-16(b)(3)(F), (K), and the result obtained in the case, LR 54-16(b)(3)©. Based on those factors, *see Jordan*, 815 F.2d at 1264 n.11 ("application of at least some of, or the most relevant, factors may be sufficient for review on appeal"), the court finds that Plaintiff's counsel should be awarded $300 per hour, the upper limit of his usual fee range. The lodestar amount is therefore $46,230.

B. Altering the Lodestar Calculation

The lodestar amount is presumptively reasonable, but may be adjusted on the basis of "other considerations." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Upward adjustments may be made by using a "multiplier," which is determined from whichever *Johnson/Kerr* factors listed in Local Rule 54-16(b)(3) that have not been already subsumed. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). Alternatively, courts also have the discretionary power to make downward adjustments to account for the prevailing party's limited success. *See Hensley*, 461 U.S. at 434-36.

1. Downward Adjustments

Defendant argues the court should reduce the number of hours reasonably spent on this case because Plaintiff was not wholly successful, and only prevailed on one of the four claims in the Complaint, and against one of the original four defendants named. (Doc. #68.) Courts may reduce the number of hours reasonably expended based on the plaintiff's limited success if the failed claims were "distinct in all respects from [the] successful claims . . . ." *Hensley*, 461 U.S. at 440. First, the court must determine whether the successful claims were related or unrelated to the failed claims.

*Sorenson v. Mink*, 239 F.3d 1140, 1147 (9th Cir. 2001). Claims are related if they have a common core of facts or if they are based on related legal theories. *Webb v. Sloan*, 330 F.3d 1158, 1168 (9th Cir. 2003). "The focus is to be on whether the unsuccessful and successful claims arose out of the same 'course of conduct.'"[3] *Schwarz v. Sec. of Health & Human Servs.*, 73 F.3d 895, 902-03 (9th Cir. 1995); *accord Odima v. Westin Tuscon Hotel*, 53 F.3d 1484, 1499 (9th Cir. 1995) ("the test is whether relief sought on the unsuccessful claim is intended to remedy a course of conduct entirely distinct and separate from the course of conduct that gave rise to the injury upon which the relief granted is premised"). Second, the court must consider whether the "'plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award.'" *Sorenson*, 239 F.3d at 1147 (quoting *Hensley*, 461 U.S. at 434).

In *Odima v. Westin Tuscon Hotel*, 53 F.3d 1484, 1488 (9th Cir. 1995), the plaintiff sued his employer based on race discrimination after several fruitless attempts to transfer from one department to another. The plaintiff prevailed on his Title VII, section 1981, and Arizona civil rights claims, but lost on his claims for wrongful termination, constructive discharge, retaliation, and IIED. *Id.* Those claims were held to be "related" under *Hensley* because they "arose from a common core of facts—his employment relationship with [the defendant]." *Id.* at 1499.

Here, Plaintiff originally sued Buzz Nelson, Lyle Woodward, George Leone, and Rick Favre for violating his First Amendment right of free speech, IIED, tortuous discharge, and a denial of due process. (Doc. #2.) Although the facts of this case did not support three of Plaintiff's claims for relief (Doc. #15), that does not mean those claims were not asserted based on the same course of conduct.

---

[3]In *Schwarz*, the Ninth Circuit noted that "most of the cases we have decided . . . have applied [the] 'course of conduct' benchmark with only slight modification." *Schwarz*, 73 F.3d at 903. It went on to recall that in another cases it added onto that standard by "asking whether the '[unsuccessful claim] arises from the same core of facts as the [successful claim] *and* [whether] it is likely that some of the work performed in connection with the [unsuccessful claim] also aided the work done on the merits of the [successful claim]." *Id.* (emphasis added). The court, however, refrained from applying that extra requirement in *Schwarz* and returned to its original standard set out in *Thorne v. City of El Segundo*, 802 F.2d 1131 (9th Cir. 1986), and its progeny. *See id.*

7

Plaintiff's claim for retaliation in violation of his right of free speech was based on several complaints he made at work. (*See id.*; Doc. #12.) Plaintiff alleged that the retaliation was intentional and caused him emotional distress, which in turn forced him to exhaust all his sick leave and eventually quit his job. (*See* Docs. #2, 12, 13.) Even if Plaintiff never made his First Amendment claim, he would have had to develop essentially the same case to support the claims that were dismissed by calling the same witnesses and establishing the same factual narrative in order to prevail. Thus, all of Plaintiff's claims arose from his work environment at the University of Nevada, Reno, and his work relationship with Nelson, Woodward, Leone, and Favre.

The second step requires the court to consider whether the "plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Hensley*, 461 U.S. at 434. Courts should "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* at 435. Here, Defendant relies on *Corder v. Gates*, 947 F.2d 374, 379-80 (9th Cir. 1991), to support his argument that the court should reduce the number of hours worked on this case because to do otherwise would encourage too much litigation. (Doc. #68.)

In *Corder*, however, the plaintiff sued more than fifty defendants, thirty-seven of which were dismissed by the time of the pretrial conference, which resulted in a judgment against three defendants. *Corder*, 947 F.2d at 380 & n.6. The district court reduced their original lodestar calculation, and the Ninth Circuit held that was not an abuse of discretion because to have done otherwise would have "implicitly approve[d] the plaintiff's strategic decision to pull in as many *potential* defendants as possible in an attempt to hold *someone* liable." *Id.* at 380. That is not the case in the instant matter, however. Plaintiff sued Defendant Favre for his direct actions and sued Nelson, Woodward, and Leone because of their roles as supervisors, which is a common practice in many employment-related cases. (Doc. #2; *see* Doc. #15.) The court cannot find any indication that Plaintiff had a similar strategy or motivation as the plaintiff in *Corder*, and Defendant Favre has not alleged that any exists. This case involves facts that are far less extreme than those in *Corder*, and even in that case the Ninth Circuit specifically

8

noted the district court "could have awarded [the] plaintiffs the full lodestar amount." *Corder*, 947 F.2d at 380.

Altogether, even though Plaintiff only succeeded on one claim at trial, the verdict of $209,315 in Plaintiff's favor was an "excellent result[]." *Sorenson*, 239 F.3d at 1147 (citing *Hensley*, 461 U.S. at 435). That award nearly doubled the requested verdict (Doc. #63, Dickerson Decl.), and evidenced a high degree of success for Plaintiff, *Sorenson*, 239 F.3d at 1147 (citing *Hensley*, 461 U.S. at 435 n.11). Based on those results and the fact that all of Plaintiff's claims arose from a common case of facts, the court does not find it necessary to reduce the number of hours reasonably expended to account for Plaintiff's limited success.

2. Upward Adjustments

Plaintiff submits that an upward adjustment should be made to the hourly rate. (Doc. #63.) Plaintiff argues this is warranted "[g]iven the success in the litigation and the other factors, including Mr. Dickerson's experience and the success obtained . . . ." (*Id.*) Upward adjustments should only be made in rare and exceptional cases when there is specific evidence to support a detailed finding. *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987) (citing *Blum v. Stenson*, 465 U.S. 886, 898-901 (1984)). Plaintiff, however, does not offer any specific reason to justify an enhancement. The general reference to "other factors" (Doc. #63) is insufficient. Morever, Mr. Dickerson's experience and the success obtained were already expressly considered in calculating the original lodestar amount and greatly contributed to the court's decision to award Mr. Dickerson the upper limit of his usual fee. In addition, because those specific factors cannot serve as an independent basis for an upward adjustment, *Jordan*, 815 F.2d at 1262 n.6, Plaintiff's request for an upward adjustment is unsupported.

The lodestar calculation stands without alteration. Plaintiff is entitled to recover $46,230 in attorney's fees and $2591.50 in costs (Doc. #67). Fed. R. Civ. P. 54(d)(1); *Dang v. Cross*, 422 F.3d 800, 814 (9th Cir. 2005).

///

## CONCLUSION

**IT IS HEREBY ORDERED THAT** Plaintiff's Renewed Motion for Attorney's Fees (Doc. #63) is **GRANTED** in the amount of $48,821.50.

DATED: November 10, 2005.

_____
UNITED STATES MAGISTRATE JUDGE